DECISION
{¶ 1} Quarran S. Covington appeals from the sentence he has received following his second sentencing hearing. His counsel assigns a single error for our consideration:
 [I.] APPELLANT IS OF THE OPINION THAT THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT TO MINIMUM AND CONCURRENT TERMS OF IMPRISONMENT.
 {¶ 2} Following a jury trial conducted in 2006, Covington was convicted of two charges of aggravated murder with specifications, two charges of murder, one charge of *Page 2 
aggravated robbery with specifications and one charge of having a weapon while under disability. The murder charges merged with the aggravated murder charges.
 {¶ 3} At his initial sentencing hearing, the trial judge failed to follow the statute which mandates that a person be sentenced to only one sentence of incarceration for firearm specifications which arise from a single transaction. As a result, the sentence originally imposed was reversed on appeal and the case was remanded for a new sentencing hearing.
 {¶ 4} At the second sentencing hearing, the trial judge followed the statutory mandate and the mandate of the appellate court, imposing only a sentence for one firearm specification. The trial court gave maximum consecutive sentences on the remaining charges resulting in a sentence of 78 years to life of incarceration for Covington.
 {¶ 5} The doctrine of res judicata bars our consideration of any issue which was or could have been reviewed on Covington's initial appeal. Thus, the only issue properly before us is whether the trial court erred in following our mandate to sentence Covington for a single firearm specification. By following our mandate, the trial court avoided reversible error.
 {¶ 6} The assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BRYANT and FRENCH, JJ., concur. *Page 1